FILED

1   DANIEL BOGDEN
    United States Attorney
2   MICHAEL CHU
    Assistant United States Attorney
3   333 Las Vegas Blvd. South, Ste 5000
    Las Vegas, NV 89101
4   Tel: 702-388-6336

2012 JAN 15 PM 4: 45

U.S MAGISTRATE JUDGE
BY_____

5

6                           United States District Court

7                           District of Nevada

8   United States of America,                         Sealed Complaint

9        Plaintiff,                          Case No.    2:12-mj-0004 PAL

10  v.                                          VIOLATION: 31 U.S.C. § 5332
                                                (Bulk cash smuggling)
11  Marissa Tadeo Lapid,

12       Defendant.

13

14  **THE UNITED STATES ATTORNEY CHARGES THAT:**

15       At all times relevant to this Information:

16
                                **COUNT ONE**
17                           **Bulk Cash Smuggling**

18       On or about November 27, 2010, in the State and Federal District of Nevada,

19                           **MARISSA TADEO LAPID,**

20  defendant herein, with the intent to evade a currency reporting requirement under Title 31, United

21  States Code, Section 5316, knowingly concealed more than $10,000 in currency and other

22  monetary instruments in any conveyance, article of luggage, merchandise and other container, and

23  transported and transferred and attempted to transport and transfer such currency and monetary

                                     2

1    instruments from a place outside the United States to a place within the United States, all in

2    violation of 31 United States Code § 5332(a)(1) and (b).

3                           **Probable Cause Affidavit**

4        1.       I, Albert G. Giangregorio, Special Agent for United States Immigration and

5    Customs Enforcement (ICE), Homeland Security Investigations (HSI), being duly sworn on oath,

6    hereby depose and state as follows:

7                               **Introduction**

8        2.       I am a special agent for ICE, HSI, and have been so employed since July 2010.  I

9    am currently assigned to the Assistant Special Agent in Charge (ASAC), Las Vegas Field Office

10   and work out of the High Intensity Drug Trafficking Area (HIDTA)/Money Laundering Asset

11   Removal Group (MLAR).  Prior to my employment with ICE/HSI, I was employed as a special

12   agent with the United States Air Force, Office of Special Investigations for approximately seven

13   years.  I hold a Bachelor's degree from the University of Colorado at Boulder.  I graduated from

14   the Federal Law Enforcement Training Center and have received training in investigating

15   violations of federal laws, including Title 31, United States Code, section 5332 (Bulk Cash

16   Smuggling).  At all times during the investigation described in the Affidavit, I have acted in an

17   official capacity as a Special Agent of ICE/HSI.

18       3.       Because this affidavit is being submitted for the limited purpose of securing a

19   criminal complaint and arrest warrant, I have not included each and every fact known to me

20   concerning this investigation.  I have set forth only those facts that I believe are necessary to

21   establish probable cause to believe that, on or about November 27, 2010, Marissa Tadeo LAPID

22   concealed $40,000.00 in U.S. and foreign currency as she entered the United States from the

23   Philippines in violation of 31 U.S.C. § 5332.  The statements contained in this affidavit are based

3

1   on information provided to me by law enforcement officers as well as my training, experience, and

2   personal knowledge of this investigation.

3                                               **Facts**

4        4.       From my review of the U.S. Customs and Border Protection (CBP) seizure

5   narrative and interviews conducted by ICE/HSI agents, I understand the following:

6        a.       Around November 27, 2010, Marissa Tadeo LAPID (date of birth 08/xx/19xx)

7   arrived at the Las Vegas International Airport Port of Entry on Philippine Airlines Flight 106 from

8   Manila, Philippines, and applied for admission as a Lawful Permanent Resident (A056-578-180).

9   Upon entry into the U.S., LAPID presented a completed and signed CBP Form 6059B in which

10   she stated she was not carrying currency or monetary instruments over $10,000.00 in U.S.

11   currency or a foreign currency equivalent.

12        b.       At the baggage control exit point, CBP Officer (CBPO) Johnson questioned LAPID

13   and initiated a secondary examination. CBPO Johnson, pursuant to his border search authority,

14   obtained a binding declaration from LAPID by verbally reviewing the declared information

15   recorded on the CBP Form 6059B. When asked how much currency she was importing, LAPID

16   responded $10,000.00 USD. LAPID explained that she answered "No" to question number 13 on

17   the CBP Form 6059B because of her understanding that the question specifically applied to

18   currency "over" $10,000.00 USD.

19        c.       CBPO Johnson asked LAPID if she possessed any additional currency or monetary

20   instruments above the $10,000.00 USD such as Philippine Pesos (PHP). LAPID responded, "Yes."

21   LAPID then verbally declared an additional 10,000.00 PHP (equivalent to about $225.00 in U.S.

22   dollars). CBP officers decided that an amended declaration would be accepted, and had her

23   complete a currency reporting form (FinCen 105) in order to satisfy the reporting requirements.

1        d.      CBP officers escorted LAPID to the baggage examination station and provided her

2   a CBP Publication 0000-0503, Reporting Requirement of Monetary Instruments.  LAPID read and

3   acknowledged an understanding of the information contained in the publication. LAPID reviewed

4   and signed the FinCen 105 form which listed the total declared amount of currency as $10,000.00

5   USD and 10,000 PHP.

6        e.      Following confirmation of the declared amount, CBP initiated an inspection to

7   physically verify the declared currency and requested that LAPID present her baggage and pocket

8   contents for physical examination.  CBP conducted an examination of LAPID's purse and wallet

9   and identified $10,000.00 USD and 15,700 PHP ($356.00 USD equivalent).  CBPO Johnson asked

10   LAPID if any additional currency amounts existed and LAPID responded "No."

11        f.      During a search of the LAPID's carry-on luggage, CBPO Johnson, based on his

12   training and experience, identified an anomaly located along the bottom of the bag where the

13   spacing thresholds appeared to be thicker than normally found for the area of the suitcase that

14   accommodates the telescoping luggage handle. CBPO Johnson unzipped the baggage lining

15   material and conducted a physical examination of the area underneath the lining. The examination

16   resulted in the discovery of two socks containing $10,000.00 USD each (total amount $20,000.00

17   USD) and one cloth bag containing an additional $20,000.00 USD concealed beneath the bag

18   lining.  The discovery represented an additional $40,000.00 USD over LAPID's written and verbal

19   declarations. When asked what this was, LAPID responded, "I'm sorry...It's for my house."

20        g.      The final inspection of LAPID's belongings resulted in the discovery of $50,137.00

21   USD and a $356.00 USD foreign currency equivalent for a total of $50,493.00 USD.  CBP

22   officers seized $50,000.00 USD from LAPID in violation of bulk cash smuggling regulations and

23   remitted the remaining $493.00 back to LAPID for humanitarian purposes.  LAPID expressed to

1   the officers that she understood the reasons and nature for the currency seizure.

2        h.      Agents from ICE (now HSI) responded to the scene and conducted an interview of

3   LAPID following an advisement of rights.  LAPID waived her rights and agreed to answer the

4   agent's questions.

5        i.      When questioned about her knowledge of the U.S. requirement to report currency

6   or monetary instruments over $10,000.00 USD or foreign equivalent when entering the U.S.,

7   LAPID acknowledged she was aware of the reporting requirement and apologized profusely for

8   the mistake, noting on several occasions, "I screwed up."  LAPID continued to apologize for her

9   failure to report the concealed currency throughout the remainder of the interview by ASAC/LV.

10   Despite claims of her knowledge of the currency reporting requirements, LAPID failed to provide

11   a response when questioned why she did not report the currency amount on the CBP Form 6059B

12   or during the subsequent inspection by CBP officers.  She did, however, claim the currency as her

13   own.

14                      **Conclusion**

15        5.      For the reasons stated above, I believe there is probable cause to believe that, on or

16   about November 27, 2010, Marissa Tadeo LAPID knowingly concealed $40,000.00 in U.S.

17   *//*

18   *//*

19

20

21

22

23

1    and failed to report the currency in violation of 31 U.S.C. § 5332 (Bulk Cash Smuggling).  I

2    respectfully request that the Court issue the requested criminal complaint and arrest warrant for

3    Marissa Tadeo LAPID.

4

5    _____

6    Albert G. Giangregorio
     Special Agent
     Homeland Security Investigations

7    Subscribed and sworn to before me this 5th day of January, 2012.

8

9

10   _____
     United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23